# LEVITT LLP

STEVEN L. LEVITT
KAREN L. WEISS
───
Of Counsel
JAMES E. BRANDT
ROSE LEVITT
───
SUSAN J. DEITH
IRENE TENEDIOS*
TREVOR M. GOMBERG*†
JUSTIN S. CURTIS∞

* Also Admitted in New Jersey
† Also Admitted in D.C. and Florida
∞ Also Admitted in Wisconsin

Of Counsel
HON. EDWIN KASSOFF
Presiding Justice, Appellate Term
NYS Supreme Court, Retired
(1924-2015)
───
Law Clerk
CHRISTINE KUMMER, JD

October 6, 2017

The Honorable Sandra J. Feuerstein, U.S.D.J
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:    ***A.D.E. Systems, Inc. v. Quietside Corporation, et al.***
             <u>Docket No: 17-CV-3822</u>

Dear Judge Feuerstein:

      We represent A.D.E. Systems, Inc. ("Plaintiff") in the above captioned matter. Please accept this correspondence in response to defense counsel, Thomas DeMicco's letter dated October 5, 2017 concerning the diversity jurisdiction issue. The letter contains a serious misrepresentation of communications between counsel that cannot go unchallenged. As explained herein, Plaintiff is not contesting that this Court lacks diversity jurisdiction and respectfully requests that the Court issue a remand order to transfer this case to Supreme Court, Nassau County's commercial division.

      At the time of the commencement of the action, Plaintiff's counsel was not aware that the sole member of the defendant limited liability company, Samsung HVAC LLC, was a New York corporation. There has been a delay in resolving the diversity jurisdiction issue for two principle reasons. First, defense counsel sent us incomplete documentation. In fact, one document that was originally sent appeared as a two page agreement and Plaintiff's counsel was provided the complete document from defense counsel much later. Additionally, Plaintiff's lead counsel, Susan Deith, Esq, has had an unfortunate family medical emergency causing her to be out of the office for many days. Ms. Deith's daughter-in-law has been gravely ill in the hospital since September 12, 2017, having suffered a massive brain hemorrhage and remains in a coma. Ms. Deith has spent her days and evenings in the hospital at her daughter-in-law's beside and has only been in the office on a very limited basis.

      The communications about the diversity issue occurred between Ms. Deith and defense counsel, Peter Larkin. Neither Mr. DeMicco nor I were a party to those conversations.



Nevertheless, Ms. Deith has provided me with detailed updates regarding those conversations. At no time did Ms. Deith "refused to voluntarily discontinue this action unless Samsung HVAC LLC agrees to enter into a tolling agreement for the applicable statute of limitations and also agrees to waive formal service of the complaint, if a new action is filed in New York state court", as represented in Mr. DeMicco's letter (emphasis added). Rather, Ms. Deith proposed the foregoing stipulation to Mr. Larkin, who presented the proposal to his client, and responded that his client would not agree to the stipulation. The last communication with defense counsel was my email to Mr. Larkin asking him to write a letter to the Court to set up a telephone conference call so that Plaintiff's counsel could discuss with Your Honor about issuing a remand order so the case could be transferred to the Supreme Court, Nassau County's commercial division.

Based on the documents provided by defense counsel, Plaintiff's counsel is not contesting the fact that this Court lacks federal diversity jurisdiction. If the Court is not inclined to issue a remand order, then it is respectfully requested that the Court issue an order of dismissal without prejudice to Plaintiff re-commencing the action in State Court.

Thank you for your attention to this matter.

Respectfully submitted,

LEVITT LLP

By: _____
Douglas Tischler (DGT 5866)
*Attorneys for Plaintiff*
129 Front Street
Mineola, NY 11501
(516) 248-9700 Phone
(516) 741-9224 Fax
dtischler@levittlawllp.com

cc: Thomas M. DeMicco Esq. (via ECF) (counsel for the Defendants)